Jonathan A. Dessaules, State Bar No. 019439
Ashley C. Hill, State Bar No. 032483
**DESSAULES LAW GROUP**
7243 North 16th Street
Phoenix, Arizona 85020
602.274.5400 tel.
602.274.5401 fax
jdessaules@dessauleslaw.com
ahill@dessauleslaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Hiatt,<br><br>  Plaintiff,<br><br>  vs.<br><br>Sun City Festival Community Association, Inc., d/b/a/ Sun City Festival, an Arizona non-profit corporation,<br><br>  Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff alleges the following:

**PARTIES AND JURISDICTION**

1. Plaintiff Wayne Hiatt ("Hiatt") resides in Maricopa County, Arizona.

2. Defendant Sun City Festival Community Association, Inc. ("SCF"), is an Arizona nonprofit corporation with its principal place of business in Phoenix, Arizona. Upon information and belief, Defendant SCF uses and operates under the trade name, Sun City Festival, and has done so at all times relevant hereto.

3. This action arises, in part, under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, and, therefore, the Court has federal question jurisdiction pursuant to 28 U.S.C.

1 § 1331. The Court has supplemental jurisdiction over Hiatt's state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**GENERAL ALLEGATIONS**

5. Hiatt owns a house within the physical boundaries of SCF and, as such, is a member of SCF and subject to its Declaration of Covenants, Conditions, and Restrictions (the "Declaration").

6. The Declaration prohibits open garage doors and further provides garage doors "shall remain closed at all times except when entering or exiting the garage."

7. SCF, however, has a lax enforcement attitude with respect to open garage doors of some owners. Hiatt's neighbor, for example, is allowed to keep his garage door open while he is sitting in it and routinely hosts friends and neighbors inside his open garage.

8. Hiatt is a veteran who suffers from a disability. At all times relevant hereto, Hiatt has been handicapped within the meaning of 42 U.S.C. § 3601, *et seq.*, in that his disability effects a major life activity.

9. SCF has never denied or disputed that Hiatt has a disability.

10. Woodworking generally has an ameliorative effect on Hiatt's disability. The only place on Hiatt's property where he can engage in woodworking is inside his garage. Because the closed garage door often triggers his disability, however, Hiatt needs to keep his garage door open while he is woodworking inside the garage.

11. In November 2022, Hiatt submitted a request for accommodation under the FHA to keep his garage door open while he is inside the garage woodworking. Hiatt presented information showing he has a disability affecting his ability to be inside his garage with the door closed.

12. Hiatt's request, if granted, would have afforded him the same benefits and privileges that other members, such as the neighbor across the street, seem to enjoy without

restrictions or conditions. Moreover, Hiatt's request, if granted, would simply give him the same rights all other owners are given to engage in arts and crafts, such as woodworking, inside their garage.

13. As explained on the Accommodation/Modification Verification Form Hiatt submitted to SCF, at its request in order to have his requested accommodation considered:

> Woodworking has become a great source of therapy for Wayne, it calms him and helps him stay centered. I understand he has access to a workshop; however, it can become overwhelming with the noise and amount of people in the workshop. He can work there in small increments of time, but his garage is where he is most comfortable. It is also a safe place for Wayne to be social without being overwhelmed.

14. Allowing Hiatt to keep his garage door open when he is woodworking inside would not pose an undue financial or administrative burden on SCF.

15. SCF did not respond to Hiatt's accommodations request for two months.

16. In a letter from its lawyer, Sarah McCue, dated January 25, 2023, SCF finally responded to Hiatt's request to keep the garage door open when he is inside. A true and correct copy of this letter is attached as Exhibit 1.

17. Ms. McCue denies Hiatt's requested accommodation for the following reasons:

   a. "[I]t is unclear if what you are requesting is actually protected by the FHA… The scale of the woodworking you are performing resembles a commercial rather than a residential activity and appears beyond the scope of the activity that the FHA protects."

   b. "The request you have made – to be permitted to do woodwork in your home garage with your garage door open – is not reasonable."

   c. The CC&Rs "state that garage doors may not stay open."

   d. Woodworking with open garage doors "results in unreasonable levels of noise" and is "significantly disturbing the peace and quiet enjoyment of other community members."

   e. "It would be a fundamental alteration of the housing services provided by Sun City to allow you to engage in conduct that is not only contrary to the CC&Rs but that disturbs the peace and quiet enjoyment of the community – intruding on the rights of both current and prospective homeowners."

3

18. The reasons for denying Hiatt's requested accommodation are pretextual and unlawful under the FHA. Hiatt is not conducting woodworking in his garage as a commercial activity; he performs woodworking because of the positive effects it has had on his disability.

19. Upon information and belief, other owners are allowed to engage in woodworking inside their garage with the door open. An open garage door when Hiatt is woodworking in his garage merely affords him of the same rights and privileges enjoyed by other homeowners.

20. More generally, SCF generally does not enforce open garage door violations. On March 31, 2023, for example, Hiatt observed at least forty houses with open garage doors near his house. Upon information and belief, although Hiatt gets violation letters and fines for having his garage door open, other owners do not.

21. Hiatt, in response to Ms. McCue's letter, specifically requested documents and records suggesting that Hiatt's woodworking creates an "unreasonable level of noise" and is "significantly disturbing the peace and quiet enjoyment." Such records, if they exist, would constitute association records under A.R.S. § 33-1805 that must be produced to owners on their request.

22. SCF ignored Hiatt's request for such association records and did not respond within the ten business days statutorily allotted to it. Accordingly, Hiatt presumes that such records cannot exist for SCF to ignore its statutory obligation to produce records to members upon written request.

23. Notably, SCF did not challenge or question whether Hiatt suffered a disability that is protected under the FHA and did not ask for more information or documentation concerning the disability.

24. It would not constitute a "fundamental alteration of the housing services" provided by SCF to allow Hiatt to keep his garage door open when he is conducted woodworking activities inside.

25. Hiatt's request to keep his garage door open when inside is reasonable.

4

26. It is a violation of the FHA to elevate its deed restriction prohibiting open garage doors over Hiatt's rights under the FHA.

**COUNT ONE**
**(Violation of the Federal Fair Housing Act)**

27. Hiatt incorporates the foregoing allegations as if fully set forth herein.

28. The Fair Housing Act, as amended, imposes affirmative duties on homeowner associations to make reasonable accommodations in rules, policies, practices, or services when necessary to afford disabled individuals an equal opportunity to the use and enjoyment of a dwelling.

29. The failure to perform these affirmative duties under the Fair Housing Act constitutes an act of discrimination.

30. To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

31. 42 U.S.C. § 3602(h) defines a "handicap" to mean (1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or (3) being regarded as having such an impairment.

32. Hiatt's conditions constitute a handicap under 42 U.S.C. § 3602(h).

33. SCF knew or reasonably should be expected to know about Hiatt's handicap.

34. Hiatt's requested accommodation would afford him an equal opportunity to use and enjoy the dwelling. His request would have put him on equal footing not only with owners who perform arts and crafts activities in their garages but also owners, such as his neighbor, who

5

routinely keeps his garage door open in violation of the same provision that SCF is attempting to enforce against Hiatt.

35. Hiatt's requested accommodation is reasonable.

36. SCF has refused the requested accommodation.

37. Hiatt has suffered damages as a direct and proximate result of SCF's actions.

38. Pursuant to 42 U.S.C. § 3613(c)(1), Hiatt is entitled to his actual and punitive damages, and as the Court deems appropriate, any permanent injunction or other order to enforce Hiatt's rights under the FHA.

39. Hiatt is entitled to his reasonable attorneys' fees and costs under 42 U.S.C. § 3613(c)(2).

**COUNT TWO**
**(Violation of Arizona Fair Housing Act)**

40. Hiatt incorporates the foregoing allegation as if set forth fully therein.

41. The above allegations constitute a violation of A.R.S. § 41-1491.19(B).

42. Hiatt is entitled to actual and punitive damages.

43. Hiatt is also entitled to his reasonable attorneys' fees and court costs pursuant to A.R.S. §§ 41-1491.33 and 41-1491.36.

44. Hiatt is entitled to injunctive relief enjoining SCF from engaging in the discriminatory practices alleged herein.

WHEREFORE, Hiatt requests judgment as follows:

(A) Awarding judgment in Hiatt's favor and against SCF;

(B) The issuance of a permanent injunction against SCF prohibiting it from enforcing the open garage door deed prohibition against Hiatt;

(C) Awarding Hiatt his actual damages and punitive damages in amounts to be proven at trial;

1       (D)    Awarding Hiatt his attorneys' fees and costs pursuant to 42 U.S.C.
2 § 3613(c)(2), A.R.S. § 41-1491.33, and A.R.S. § 41-1491.36; and
3       (E)    Such further relief as the Court deems appropriate.
4     DATED this 31st day of March 2023.

                                  DESSAULES LAW GROUP

                      By:   /s/ Jonathan A. Dessaules
                            Jonathan A. Dessaules
                            Ashley C. Hill
                            *Attorneys for Plaintiff*