**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Wayne Hiatt,

Plaintiff,

vs.

Sun City Festival Community Association Incorporated,

Defendant.

No. CV-23-00552-PHX-SPL

**ORDER**

Several motions are pending before the Court: (1) Plaintiff Wayne Hiatt's Motion for Hearing or Conference re: Rule 16 Status Conference (Doc. 37); (2) the parties' Joint Motion for Discovery Dispute Resolution (Doc. 39); (3) Defendant Sun City Festival Community Association Incorporated's Ex Parte Motion to Disqualify Counsel Dessaules Law Group (Doc. 42); (4) Defendant's Ex Parte Motion to Stay Remaining Case Deadlines (Doc. 43); (5) Defendant's Motion to Seal Document Exhibits 4 and 5 (Doc. 44); (6) Plaintiff's Motion for Sanctions under Fed. R. Civ. P. 37(c) and (d) (Doc. 47); and (7) Defendant's Ex Parte Second Motion to Seal Document (Doc. 58). The motions are addressed below.

## I. BACKGROUND

On March 31, 2023, Plaintiff filed a two-count Complaint against Defendant Sun City Festival Community Association (the "Association" or "Defendant") alleging discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, and the Arizona Fair Housing Act ("Arizona FHA"), A.R.S. § 41-1491.19(B). (Doc. 1). Plaintiff

alleges that he is a disabled veteran who suffers from a disability. (Doc. 1 at ¶ 8). Plaintiff engages in therapy in the form of woodwork to help reduce the symptoms associated with his disability. (*Id.* at ¶ 10). Plaintiff alleges that his garage is the only place where he can engage in woodwork. (*Id.*). The Association's Declaration prohibits open garage doors and further provides that garage doors "shall remain closed at all times except when entering or exiting the garage." (Doc. 1 at ¶ 6; Doc. 7 at ¶ 6). Because leaving the garage door closed often triggers his disability, however, Plaintiff claims that he needs to keep his garage door open while he is woodworking inside of his garage. (Doc. 1 at ¶ 10).

In November 2022, Plaintiff sent the Association a request for accommodation under the FHA to keep his garage door open while he is woodworking. (*Id.* at ¶ 11). In January 2023, the Association's counsel at the time, Sarah McCue, sent Plaintiff a letter denying his accommodation request. (*Id.* at ¶ 17). Plaintiff filed this lawsuit shortly after receiving Ms. McCue's denial letter. (*Id.*).

## II. DISCUSSION

### a. Motions for Sanctions and Rule 16 Status Conference

Federal Rule of Civil Procedure ("Rule") 37(c)(1) provides the following:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The burden to show that the violation of Rule 26(a) is substantially justified or harmless is on the party facing sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001); *see also R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). When evaluating substantial justification and harmlessness, courts often consider (1) prejudice or surprise to the other party, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) willfulness or bad faith. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

This provision is a "self-executing sanction." Fed. R. Civ. P. 37 advisory committee's note (1993); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence."). Still, exclusion of evidence is not a necessary sanction, as Rule 37(c)(1) authorizes other sanctions "in addition to or instead of" exclusion. *See Merchant*, 993 F.3d at 740. "A party facing sanctions . . . bears the burden of showing that a sanction other than exclusion is better suited to the circumstances," and the Court need not consider a lesser sanction than exclusion if the party facing sanctions does not move for one. *Id.* at 741–42.

Rule 30 requires a corporation to designate a deponent sufficiently knowledgeable to testify on the corporation's behalf "about information known or reasonably available to the corporation." Fed. R. Civ. P. 30(b)(6). When a party notices topics for deposition, the corporation must "not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledge, and binding answers on behalf of the corporation." *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 10–CV–01189–LHK, 2011 WL 3895118, at *2 (N.D. Cal. Aug. 29, 2011) (citation omitted). Sanctions are available under Rule 37(d)(1)(A)(i) when "the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear." *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C–09–03044 PJH (EDL), 2010 WL 1957465, at *2 (N.D. Cal. May 14, 2010) (citation omitted).

In the instant case, Plaintiff moves for sanctions against Defendant for failing to timely disclose relevant emails and producing unprepared Rule 30(b)(6) designees. (Doc. 47 at 1). There is no dispute that Defendant disclosed email communications after the discovery deadline. (Doc. 57 at 10). Defendant, however, argues that the untimely disclosure was substantially justified and harmless. (*Id.* at 10). The email communications revealed discussions between the Association's board members regarding Plaintiff's request for accommodation. One email, from the Association's board president, Bruce Friedman, described the Association's garage door rule as "stupid." (Doc. 64 at 3–4; Doc.

57 at 11). In the same email, Mr. Friedman also stated that he did not need a lawyer "to help [him] grant a reasonable accommodation in this case – as long as [Plaintiff] keeps [the garage door] closed when he's not in the garage." (Doc. 47-1 at 2).

The Court finds that any prejudice from the late disclosure of the email communications is harmless under the *Lanard Toys* factors. First, Defendant argues that Plaintiff is unable to establish prejudice because the disclosure would not have fundamentally altered the prosecution of his case. (Doc. 57 at 12). Defendant also argues that Plaintiff misunderstood Mr. Friedman's email as referring to Plaintiff's request for accommodations as "stupid." (Doc. 57 at 10). This is not accurate. Plaintiff's understanding is that Mr. Friedman considers the garage door rule "stupid," not Plaintiff's request for accommodation. (Doc. 47 at 14; Doc. 64 at 4). Plaintiff argues that Mr. Friedman's opinion that the garage door rule is "stupid" supports whether Plaintiff's request for an accommodation was reasonable. (Doc. 64 at 4). The Court finds Plaintiff's argument convincing. *See* 42 U.S.C. § 3604(f)(3) ("discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services. . ..."). Defendant's untimely disclosure of the email communications is prejudicial to Plaintiff because he was not able to depose the board members about these emails. (Doc. 47 at 14–15). But this prejudice can be cured without disrupting trial which has not been scheduled yet. To cure this prejudice, the Court will reopen discovery for the limited purpose of allowing Plaintiff to depose the board members regarding the email communications that were recently disclosed. Finally, Plaintiff argues that Defendant should be subject to sanctions because it "has displayed a cavalier, arguably willful, disregard for disclosure and discovery duties in this case." (Doc. 47 at 2). However, the Court finds that Defendant's late disclosure was not willful or in bad faith. Upon discovering these emails, Defendant provided them to Plaintiff only nine calendar days after the close of discovery. (Doc. 57 at 2). Accordingly, the Court denies Plaintiff's request for additional sanctions.

Plaintiff also requests that the Court sanction Defendant for failing to produce adequate Rule 30(b)(6) deponents. Plaintiff alleges that Defendant's designees were not

prepared for their depositions because they did not recall the information that was contained in the email communications that were recently disclosed. (Doc. 47 at 11). The Court denies Plaintiff's request for sanctions under Rule 37(d)(1)(A)(i) because the designees' failure to answer questions related to the email communications is not tantamount to failing to appear. *See, e.g.*, *Watkins v. Infosys*, 724 F. App'x 520 (9th Cir. 2017) (confirming that a witness who shows up to the deposition and answers questions on several topics has not failed to appear and affirming lower court's denial of Rule 37(d) sanctions). However, as mentioned earlier, the Court will allow Plaintiff to depose these witnesses regarding the email communications that were recently disclosed. Having resolved the issues that have arisen due to the late disclosures of the email communications, the Court finds that Plaintiff's Request for Rule 16 Status Conference (Doc. 37) is moot.

**b. Motion to Reopen Discovery**

Defendant moves to stay the remaining case management deadlines pending the resolution of its motion to disqualify Plaintiff's counsel. (Doc. 43). Because this Order resolves that issue, Defendant's request to stay deadlines is moot. In the alternative, Defendant moves to reopen discovery and extend the remaining case management deadlines. (*Id.*). The Court will address this request below.

Federal Rule of Civil Procedure 16(b) provides that a court may modify a case schedule for good cause. Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (finding that a pretrial scheduling order may be modified "upon a showing of good cause."). When assessing a motion to amend a scheduling order and reopen discovery, a court considers six factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, Defendant requests to reopen discovery to provide Plaintiff with an

opportunity to complete additional discovery considering Defendant's untimely disclosed email communications. (Doc. 43 at 9–10). As the Court explained above, it will permit reopening discovery for this limited purpose. Defendant also requests to reopen discovery so that it may obtain Plaintiff's medical records. (*Id.*). Plaintiff objects to this request. (Doc. 52).

The Court finds that the factors weigh in favor of granting Defendant's request. Trial is not imminent as it has not been scheduled yet. There is no apparent prejudice to Plaintiff because the parties already drafted the medical request form and there is limited discovery that is ongoing. Additionally, the parties explained that drafting the medical release form took a lot of effort from both parties, and the evidence reflects that Defendant engaged in constant communication to finalize the form prior to the discovery deadline. (*See* Docs. 43 and 52). Thus, the Court finds that Defendant has shown good cause to modify the scheduling order to reopen discovery for the limited purposes of allowing Plaintiff to depose the board members regarding the email communications that were recently disclosed and to allow Defendant to obtain Plaintiff's medical records[1]. Because the Court is allowing the parties to reopen discovery, it will also grant Defendant's request to extend the deadline for dispositive motions. The parties shall have thirty days to complete additional discovery and forty-five days to file any dispositive motions. [2] The Court denies any request for attorney's fees.

**c. Motions to Seal Documents**

i. <u>Exhibits 4 and 5</u>

Defendant moves for leave to file under seal Exhibits 4 and 5 to its Motion to Disqualify Plaintiff's Counsel. (Doc. 44). Defendant argues that these exhibits contain

---

[1] In their briefings, the parties explained that they had constant disagreements about the expiration date for the release form. Accordingly, to avoid any foreseeable issues pertaining to the release form's expiration date, the Court orders that it shall be valid for only 30 days from the date that it is signed by Plaintiff.

[2] The Court notes that Plaintiff has filed his Motion for Partial Summary Judgment (*see* Doc. 49). In light of this extension, Plaintiff may withdraw the motion and refile it at a later date. If he does not, the Court will issue its ruling in due course.

privileged attorney-client information and work product. (Doc. 44 at 2). Plaintiff has no objection to the filing of the two exhibits to the extent that they have been properly designated, in their entirety, as privileged. (Doc. 53 at 1).

Under Arizona attorney-client privilege law, communication between an attorney for a corporation or business and an employee of that corporation or business "regarding acts or omissions of or information obtained from the employee" is privileged if the communication is either: "for the purpose of providing legal advice to the entity or employer or to the employee," or "for the purpose of obtaining information in order to provide legal advice to the entity or employer or to the employee…." A.R.S. § 12-2234(B).

Similarly, under federal common law:

> The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication. The attorney-client privilege exists where: (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (quotations and citations omitted). Here, Exhibit 4[3] is an email chain between the Association and its attorney for the purpose of obtaining legal advice and Exhibit 5 is Defense counsel's notes regarding that email chain. (lodged at Doc. 45). Accordingly, the Court grants Defendant's request to file Exhibits 4 and 5 under seal because they contain attorney-client information and work product. *See United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (explaining that work product includes documents prepared by legal counsel in preparation for litigation or trial). Additionally, the Court rejects Plaintiff's argument that such privilege

---

[3] Defendant has labeled the pages in Exhibit 4 as bates SUNFES000502–SUNFES000517.

has been waived.[4] *See Home Indemnity Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995).

ii. Attachment 1

Defendant also moves for leave to file under seal Attachment 1 to the Declaration of Kimberly Rinehart in Support of the Association's Response to Plaintiff's Motion for Sanctions Under Fed. R. Civ. P. 37(c) and (d). (Doc. 58). Ms. Rinehart is the Association's community manager and one of the Association's 30(b)(6) designees. (Doc. 57-1 at ¶ 2). Defendant explains that Attachment 1 to Ms. Rinehart's Declaration is an email communication between her and her IT department concerning search terms and custodians. (Doc. 58 at 2). Thus, "out of an abundance of caution," Defendant seeks leave to file this attachment under seal because upon its "information and belief" this email communication contains work product and attorney-client privileged information. (*Id.*). Plaintiff objects and argue that the Court should deny Defendant's request "because Defendant has failed to set forth a clear statement of the facts and legal authority justifying the filing of the document under seal." (Doc. 63 at 4).

As an initial matter, the parties' briefings appear to, at times, conflate the work-product doctrine with the attorney-client privilege. The two concepts are, however, distinct:

> The work product privilege is very different from the attorney-client privilege. The attorney-client privilege exists to protect confidential communications and to protect the attorney-client relationship and is waived by disclosure of confidential communications to third parties. The work product privilege, however, does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent.

*Bickler v. Senior Lifestyle Corp.*, 266 F.R.D. 379, 383–84 (D. Ariz. 2010) (quoting *Shields*

[4] Although Plaintiff does not raise arguments against Defendant's Motion for Leave to File Under Seal Exhibits 4 and 5 (*see* Doc. 53), in his response to Defendant's Motion to Disqualify Plaintiff's Counsel, Plaintiff argues that Defendant waived any right to claim that bates SUNFES000502–SUNFES000517 (Exhibit 4) is privileged communication. (Doc. 54 at 5–8); (*see infra* II.d.).

*v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989)); *see also Salvation Army v. Bryson*, 273 P.3d 656, 659 (Ariz. Ct. App. 2012) ("[The attorney-client privilege and work-product doctrine] are distinct and often pertain to different subjects, and their application to the same material may produce different results with respect to disclosure."). Here, Attachment 1 is not protected by the attorney-client privilege law because it consists of communication between the Association and a third party—not the Association's legal counsel. *See United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009) ("*any* voluntary disclosure of information to a third party waives the attorney-client privilege, regardless of whether such disclosure later turns out to be harmful" (emphasis in original)); *see also* A.R.S. § 12-2234(B); *see also Richey*, 632 F.3d at 566.

Federal law, not state law, governs the application of the work product doctrine. *See Bickler*, 266 F.R.D. at 382 (listing cases) ("Unlike the attorney-client privilege, federal law governs the application of the work product doctrine in this case."); *see also City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV-12-380-PHX-BSB, 2013 WL 1797308, at *11 (D. Ariz. Apr. 29, 2013) ("Because the work product doctrine is a limitation on discovery, and not an evidentiary privilege, federal law governs its application."). The work-product doctrine "is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz.*, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3)). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Richey*, 632 F.3d at 567 (quoting *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004)). Here, the email communication meets the qualifications for work-product protection because it was prepared by the Association in preparation of litigation related to this case. Accordingly, the Court grants Defendant's request to file Attachment 1 under seal.

///

**d. Motion to Disqualify Counsel**

The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers. *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir.1996) (noting that district courts have the inherent power to sanction unethical behavior). The Ninth Circuit has confirmed that state law applies in determining whether to disqualify counsel. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The United States District Court for the District of Arizona has adopted the Arizona Rules of Professional Conduct as its ethical standards. LR Civ 83.2(e); *Research Corp. Techs., Inc. v. Hewlett–Packard Co.*, 936 F.Supp. 697, 700 (D. Ariz. 1996). "Accordingly, this Court applies the Arizona ethical rules when evaluating motions to disqualify counsel." *Roosevelt Irr. Dist. v. Salt River Project Agr. Imp. & Power Dist.*, 810 F. Supp. 2d 929, 944–45 (D. Ariz. 2011) (listing cases).

The Preamble to the Arizona Rules of Professional Conduct[5] cautions that a violation of an ethical rule "should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached." Pmbl. ¶ 20, Ariz. R. Prof'l Conduct. The Preamble also provides that violation of an ethical rule "does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation," and warns that "the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons." *Id.* Arizona law reiterates that "[o]nly in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent." *Alexander v. Superior Court*, 685 P.2d 1309, 1313 (Ariz. 1984); *Amparano v. ASARCO, Inc.*, 93 P.3d 1086, 1092 (Ariz. Ct. App. 2004) ("[T]he rules of professional responsibility are for ethical enforcement and are not designed to be used as a means to disqualify counsel. The courts have, of course, looked to the ethical rules for guidance on disqualification issues.") (citation omitted). As the Ninth Circuit has noted, disqualification motions should be

---

[5] The Arizona Rules of Professional Conduct can be found under Rule 42 of the Rules of the Supreme Court of Arizona.

subjected to "particularly strict scrutiny" because of their potential for abuse. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir.1985); *see also Cnty. of L.A.*, 223 F.3d at 996 ("A motion to disqualify a law firm can be a powerful litigation tactic to deny an opposing party's counsel of choice."). "The moving parties have the burden of sufficiently showing why the Court should disqualify an attorney from representing its client." *Roosevelt Irr. Dist.*, 810 F. Supp. 2d at 944–45 (citations omitted). Here, Defendant moves to disqualify Plaintiff's counsel, the Dessaules Law Group, because Defendant alleges that Plaintiff's counsel failed to comply with ER 4.4(b) of the Arizona Rules of Professional Conduct.

ER 4.4(b) provides:

> A lawyer who receives a document and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender and preserve the status quo for a reasonable period of time in order to permit the sender to take protective measures.

Comment 2 to ER 4.4 explains that if a lawyer knows or reasonably should know that a document was sent inadvertently, then ER 4.4 requires the lawyer to stop reading the document, to make no use of the document, and to promptly notify the sender in order to permit that person to take protective measures.

Similarly, Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure addresses information produced in discovery that is subject to a claim of privilege. The rule provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

In *Lawrence*, the defendants produced over 15,000 pages of documents to the

plaintiffs which inadvertently included privileged email communications. *Lawrence v. Dependable Med. Transp. Servs., L.L.C.*, No. 2:13-CV-0417-HRH, 2014 WL 2510628, at *1 (D. Ariz. June 4, 2014). The defense counsel averred that although she reviewed the documents beforehand, she not aware of this mistake until the plaintiffs filed a motion for partial summary judgment and included the privileged emails as an attached exhibit. *Id.* However, when the defense counsel asked the plaintiffs' counsel to comply with ER 4.4 and return the privileged emails, the plaintiffs' counsel refused. *Id.* The court explained that the "defendants' invocation of ER 4.4 was sufficient to trigger plaintiffs' obligation to comply with Rule 26(b)(5)(B)." *Id.* at *2. Accordingly, the court granted the defendants' motion to strike the plaintiffs' motion for partial summary judgment because the plaintiffs' counsel failed to comply with these rules. *Id.* at *3.

Here, the Court finds that Plaintiff's counsel did not violate ER 4.4 because there is not sufficient evidence to show that Plaintiff's counsel knew or reasonably should have known they received the email chain inadvertently. Like the defendants in *Lawrence*, Defendant inadvertently included a privileged email chain[6] in the production of hundreds of pages of documents. (Doc. 42 at 3–4; Doc. 54 at 2). In the instant case, Defendant's counsel reviewed and internally identified the email chain as privileged communication. (Doc. 42 at 4; Doc. 60 at 2). However, Defendant's counsel never notified Plaintiff's counsel of the same. (Doc. 60 at 2). Thereafter, Plaintiff's counsel marked the email chain as an exhibit in the Association's designees' depositions and added it to a binder that Plaintiff's counsel shared with Defendant's counsel, Plaintiff, and the court reporter before the start of the depositions. (Doc. 54 at 2). Defendant's counsel argues that Plaintiff's counsel violated ER 4.4(b) because Plaintiff's counsel failed to promptly notify Defendant's counsel that they received the email chain inadvertently. (Doc. 42 at 1–2).

In response, Plaintiff's counsel aver that they had no time to complete a thorough

[6] The parties dispute whether the email chain (SUNFES000502–SUNFES000517) is protected by the attorney-client privilege law, however, the Court has already addressed this dispute and concluded that it is privileged. (*See supra* II.c.i.).

review of these documents because they were produced at the close of the discovery deadline and less than a week before the 30(b)(6) depositions. (Doc. 54-1 at 5). Plaintiff's counsel also aver they would not have used the email chain as an exhibit in the deposition if they had any reason to believe it had been inadvertently produced. (Doc. 54 at 2). This is consistent with the evidence the parties have shared with this Court. More specifically, Defendant's counsel explained that she did not become aware of her mistake until after Plaintiff's counsel had already shared the document and asked several questions about it during the deposition. (Doc. 42 at 4–5). Once Defendant's counsel raised an objection that the email chain was privileged, Plaintiff's counsel refrained from asking any further questions about the document. (Doc. 42 at 5; Doc. 54-1 at 116–118). Accordingly, the Court finds that Plaintiff's counsel did not know that they received the email chain inadvertently because they did not review it in any detail before the deposition and they received no prior notice that it was privileged communication. *See Burch & Cracchiolo, P.A. v. Myers*, 351 P.3d 376, 379 (Ariz. Ct. App. 2015) (disqualifying the attorney because he reviewed opposing party's entire client file in detail and distributed the file to third parties despite receiving notice that the file included inadvertently disclosed privilege information).

As for Rule 26(b)(5)(B), Plaintiff's counsel immediately destroyed any copies they had of the email chain and instructed Plaintiff to do the same. (Doc. 54 at 3, 10). However, Plaintiff's counsel failed to take reasonable steps to also retrieve the document from the court reporter. (*See* Doc. 54 at 10). Nevertheless, the Court finds that this failure is not enough to grant Defendant's request to disqualify Plaintiff's counsel. *See Optyl Eyewear Fashion Int'l Corp.*, 760 F.2d at 1050.

The Court also finds that disqualification is not necessary because Plaintiff did not gain an unfair advantage by receiving this information. *See Burch & Cracchiolo, P.A. v. Myers*, 351 P.3d 376, 379 (Ariz. Ct. App. 2015). Defendant claims that "by sharing the documents with their client, Plaintiff's Counsel has threatened the integrity of this litigation and has gained an unfair advantage" because "Plaintiff's Counsel and their client are now

aware of privileged information." (Doc. 60 at 9). Having reviewed the privileged document in question, the Court finds that excluding the document sufficiently prevents Plaintiff from gaining any unfair advantage. As such, the Court finds that Defendant has not met its high burden of sufficiently showing why the Court should disqualify an attorney from representing its client. The Court will not entertain Plaintiff's request for attorney's fees. The Court orders Plaintiff's counsel to comply with Rule 26(b)(5)(B) and take the steps necessary to retrieve the privileged document from the court reporter.

**e. Joint Discovery Dispute**

Plaintiff seeks to compel the production of materials reviewed by Defendant's 30(b)(6) designee, Kim Rinehart, in preparation for her deposition. (Doc. 39). The materials are organized in three binders. (*Id.* at 5). Plaintiff's counsel asserts that during Ms. Rinehart's deposition, Ms. Rinehart repeatedly protested that she did not know or recall answers to his questions and needed to review the binders for answers. (*Id.* at 1). Thereafter, Plaintiff's counsel asked Ms. Rinehart to retrieve the three binders, which were in Ms. Rinehart's car, so that he could see the materials she reviewed to prepare for her deposition. (*Id.*). The parties paused the deposition and Ms. Rinehart and Defendant's counsel spent approximately twenty minutes reviewing the binders in Ms. Rinehart's car. (*Id.*). Once the parties resumed the deposition, Defendant's counsel rejected Plaintiff's request to see the binders. (*Id.*).

Rule 612 provides that when a witness has used a writing to refresh her memory before testifying, the adverse party "is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony," "if the court decides that justice requires the party to have those options." Fed. R. Evid. 612(a)(2), (b). This rule is not a rule of discovery. *Labertew v. Chartis Prop. Cas. Co.*, No. CV-13-1785-PHX-DGC, 2018 WL 1876901, at *5 (D. Ariz. Apr. 19, 2018) (quoting *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985)). The sole purpose of Rule 612 is to serve as an evidentiary function "to promote the search of credibility and memory." *See id.* Under this rule, "[w]ork product protection can be

waived if the documents are put to testimonial use and if the interests of justice require production." *Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-CV-06361-RS (DMR), 2024 WL 555891, at *3 (N.D. Cal. Feb. 12, 2024). However, "[t]hree foundational elements must be met before Rule 612 may result in waiver: (a) the witness must use a writing to refresh his memory, (b) for the purpose of testifying, and (c) the interests of justice require production." *San Diego Unified Port Dist. v. Monsanto Co.*, No. 15-CV-0578-WQH-AGS, 2018 WL 3656298, at *3 (S.D. Cal. Aug. 2, 2018).

Here, Defendant argues that Plaintiff is not entitled to the binders because Plaintiff fails to meet the elements under Rule 612. (Doc. 39 at 3). First, Defendant explains that "the review of the binders was not to refresh [Ms. Rinehart's] recollection." (*Id.* at 4). Instead, Defendant claims that Ms. Rinehart reviewed the binders to confirm whether she followed up on an email Plaintiff's counsel questioned her about during her deposition. (*Id.*). Second, the Court is persuaded by Defendant's argument that Plaintiff "seeks wholesale disclosure of three binders but fails to identify to which topics the binders relate, and how the documents in the binders were used to refresh [Ms. Rinehart's] recollection." (*Id.* at 5). Additionally, as explained above, the Court finds that the inadvertently produced documents are protected by attorney-client privilege and the work product doctrine. *Labertew*, 2018 WL 1876901, at *5 ("The privilege is not lost, however, where the witness reviews his own privileged documents.").

Because the binders were not used to refresh Ms. Rinehart's memory for the purpose of her testifying and "[t]he binders are comprised of all discovery produced by both Parties," (*Id.* at 4), the Court denies Plaintiff's request to have the binders produced. *See Corcoran v. CVS Health*, No. 15CV03504YGRJSC, 2016 WL 11565649, at *4 (N.D. Cal. Dec. 9, 2016), *on reconsideration*, No. 15CV03504YGRJSC, 2016 WL 11565647 (N.D. Cal. Dec. 13, 2016) (denying opposing party's request for access to deposition preparation materials that were already produced).

///

///

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Hearing or Conference re: Rule 16 Status Conference (Doc. 37) is **denied as moot**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Discovery Dispute Resolution (Doc. 39) is **resolved**.

**IT IS FURTHER ORDERED** that Defendant's Ex Parte Motion to Disqualify Counsel Dessaules Law Group (Doc. 42) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Ex Parte Motion to Stay Remaining Case Deadlines (Doc. 43) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that discovery is reopened for the limited purposes of allowing Plaintiff to depose the board members regarding the email communications that were recently disclosed and to allow Defendant to obtain Plaintiff's medical records. The parties shall have until **July 26, 2024** to complete additional discovery and until **August 10, 2024** to file any dispositive motions.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal Document Exhibits 4 and 5 (Doc. 44) is **granted**. Defendant shall file a redacted version, if it has not done so already, by **July 3, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions under Fed. R. Civ. P. 37(c) and (d) (Doc. 47) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant's Ex Parte Second Motion to Seal Document (Doc. 58) is **granted**. Defendant shall file a redacted version, if it has not done so already, by **July 3, 2024**.

///

///

///

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file Defendant's Exhibits 4 and 5 (lodged at Doc. 45) under seal.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file Defendant's Email Attachment to Exhibit 1 [57-1] (lodged at Doc. 59) under seal.

Dated this 28th day of June, 2024.

Honorable Steven P. Logan
United States District Judge