**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Hiatt,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Sun City Festival Community Association Incorporated,<br><br>　　　　　　Defendant. | No.  CV-23-00552-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 49) in which Plaintiff seeks partial summary judgment as to Defendant Sun City Festival Community Association Incorporated's liability with respect to his discrimination claims in Counts One and Two of his Complaint. The Motion has been fully briefed and is ready for review. (Docs. 49, 50, 67, 68, 69).[1] After reviewing the parties' briefing, the Court issues the following Order denying Plaintiff's Motion.

**I.     BACKGROUND**

On March 31, 2023, Plaintiff filed a two-count Complaint against Defendant Sun City Festival Community Association (the "Association" or "Defendant") alleging discrimination under the Fair Housing Act ("FHA") 42 U.S.C. §§ 3601, *et seq.*, and the Arizona Fair Housing Act ("AZFHA"), A.R.S. § 41-1491.19(B). (Doc. 1). Plaintiff alleges

---

[1] Plaintiff argues that Defendant offered "a 123-paragraph sham affidavit [from its 30(b)(6) witness] that conflicts with not one, but *two*, prior depositions, and rehashed abandoned and factually unsupported defenses," however, the Court does not rely on the affidavit to reach its decision, therefore, it will not address whether it is a sham.

that he is a disabled veteran who suffers from post-traumatic stress disorder ("PTSD"), constant anxiety, and panic attacks. (Doc. 1 at ¶ 10; Doc. 49 at 2). Plaintiff engages in therapy in the form of woodwork to help reduce the symptoms associated with his disability. (Doc. 1 at ¶ 10; Doc. 49 at 2). Plaintiff alleges that his garage is the only place where he can engage in woodwork. (Doc. 1 at ¶ 10; Doc. 49 at 2). The Association's Declaration of Covenants, Conditions, and Restrictions ("CC&Rs") prohibits open garage doors and further provides that garage doors "shall remain closed at all times except when entering or exiting the garage." (Doc. 7 at ¶ 6; Doc. 50-1 at 375). Because leaving the garage door closed often triggers his disability, however, Plaintiff claims that he needs to keep his garage door open while he is woodworking inside of his garage. (Doc. 1 at ¶ 10; Doc. 49 at 2).

In November 2022, Plaintiff sent the Association a request for accommodation under the FHA to keep his garage door open while he is woodworking. (Doc. 1 at ¶ 11). In January 2023, the Association, through its legal counsel, denied Plaintiff's accommodation request. (Doc. 1 at ¶ 17). Plaintiff filed this lawsuit shortly after. (Doc. 1). On March 29, 2024, Plaintiff filed this instant motion requesting that the Association be found liable as a matter of law for violating the FHA and the AZFHA. (Doc. 49).

## II.  **LEGAL STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy its burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.*

"[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000). Instead, a court must view the evidence and draw

all reasonable inferences in a light most favorable to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002); *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

### III.   **DISCUSSION**

Under the FHA, it is unlawful to "discriminate against any person . . . in the provision of services or facilities in connection with [his] dwelling, because of a handicap" of that person or any person associated with that person. 42 U.S.C. § 3604(f)(2). Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling . . . .." 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204. Arizona courts have noted that the AZFHA is "virtually identical" to the FHA. *Canady v. Prescott Canyon Ests. Homeowners Ass'n*, 60 P.3d 231, 233 n.3 (Ariz. Ct. App. 2002).

To show that a defendant has violated the FHA, a plaintiff must prove all of the following elements: (1) that the plaintiff is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation. *See* 42 U.S.C. § 3604(f)(3)(B); *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). "The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *United States v. California Mobile Home Park Mgmt. Co.,* 107 F.3d 1374, 1380 (9th Cir.1997) (citations omitted).

      i.    Uncontested Elements

Plaintiff has established as a matter of undisputed fact that he had a disability known to Defendant and Defendant denied his request to keep his garage door open while he engaged in woodworking. (Doc. 50 at ¶¶ 2, 14, 21). Indeed, Defendant does not contend

otherwise. (*See generally* Doc. 67; Doc. 68 at ¶¶ 2, 14, 21). Therefore, the parties only dispute whether Plaintiff's accommodation was necessary to afford Plaintiff an equal opportunity to use and enjoy his dwelling and whether the accommodation was reasonable. The Court addresses these two elements below.

### ii. Necessary Accommodation Element

"To prove that an accommodation is necessary, plaintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1155 (9th Cir. 2003) (cleaned up); *see California Mobile Home Park Mgmt. Co.*, 107 F.3d at 1381 ("Without a causal link between defendants' policy and plaintiff's injury, there can be no obligation on the part of defendants to make a reasonable accommodation.").

In the instant case, whether Plaintiff needs to have the garage door open to equally enjoy his home is a highly contested fact. Plaintiff testified that engaging in woodwork in his garage with the door open "allows [him] to feel better and allows [him] to be grounded and more centered." (Doc. 50-1 at 431). Plaintiff also provided a note from his nurse practitioner which states that Plaintiff's request for accommodation is necessary because he has "several triggers; however the most severe is Claustrophobia" so the "garage door may be left open" since Plaintiff "does not do well in small enclosed spaces." (Doc. 50-1 at 22). Plaintiff's nurse practitioner added that "[w]oodworking has become a great source of therapy for [Plaintiff]" because "it calms him and helps him stay centered." (Doc. 50-1 at 22).

In response, Defendant argues that the Association has a "3,796 square foot woodworking facility that residents may utilize any day of the week, and that is open daily from 7 a.m. to 9 p.m." (Doc. 67 at 8). Plaintiff's nurse practitioner confirmed that Plaintiff can work in the Association's woodworking facility for "small increments of time," however, she added that Plaintiff is "most comfortable" in his garage. (Doc. 50-1 at 22). Defendant also provides evidence showing that Plaintiff has acted contrary to his PTSD and claustrophobia because in May 2023, Plaintiff traveled to Bali by plane and vacationed

there for five months without any access to a woodworking shop in an open garage. (Doc. 67 at 10; Doc. 50-1 at 458). Furthermore, Defendant argues that Plaintiff admits that woodworking with the garage door open is not necessary because Plaintiff testified that doing other activities in his garage such as drawing, watching TV, designing, and listening to music also helps him to feel safe and centered. (Doc. 67 at 10, 14; Doc. 50-1 at 445).

The Court finds that reasonable minds could differ as to whether the garage door policy prevents Plaintiff from having an equal opportunity to use and enjoy his home. Thus, the Court finds that whether there is a causal link between the garage door policy and Plaintiff's disability is a genuine dispute of material fact to be determined by a jury. *See Craten v. Foster Poultry Farms Inc.*, 305 F. Supp. 3d 1051, 1054 (D. Ariz. 2018) ("A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence.").

        iii.    <u>Reasonable Accommodation Element</u>

An accommodation is reasonable under the FHA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens. *Giebeler v. M & B Associates*, 343 F.3d 1143, 1157 (9th Cir. 2003). Here, Defendant concedes that Plaintiff's accommodation does not impose any financial or administrative burdens. (Doc. 67 at 16 n.1). Instead, Defendant argues that Plaintiff's woodworking activities could fundamentally alter the Association due to its noise impact because "[t]he Association is a 55+ community whose residents expect a quiet and clear neighborhood per the CC&Rs." (Doc. 67 at 16). However, Plaintiff testified that woodworking is not the only therapeutic activity he enjoys from the comfort of his garage. Plaintiff claims that he needs to keep his garage door open while he does any activity inside his garage because he is claustrophobic. Therefore, Defendant's general noise concerns do not rebut Plaintiff's claim that allowing him to keep his garage door open was a reasonable accommodation. *See id.* at 1158.

///

///

## IV. CONCLUSION

Plaintiff has met only four of the five elements under the FHA. The remaining element—whether Plaintiff's accommodation was necessary—must be resolved by a finder of fact at trial.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 49) is **denied**.

Dated this 13th day of August, 2024.

Honorable Steven P. Logan
United States District Judge

---

[2] Plaintiff does not move for damages in his request for partial summary judgment. As such, any issues concerning damages will also be decided at trial.