**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Hiatt, | No.  CV-23-00552-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Sun City Festival Community Association Incorporated, | |
| Defendant. | |

Several motions are pending before the Court: (1) Defendant Sun City Festival Community Association Incorporated's Motion for Partial Summary Judgement (Doc. 93) and accompanying Statement of Facts (Doc. 94); (2) Plaintiff Wayne Hiatt's Motion to Strike Defendant's Motion for Partial Summary Judgment and Statement of Facts and Motion to Seal Doc. 94-3 (Doc. 96); and (3) Defendant's Motion to Seal Plaintiff's Medical Records at Docs. 68-1, 94-3, and 116-1 (Doc. 123). The Court will address the parties' various motions below.

I.    **BACKGROUND**

On March 31, 2023, Plaintiff filed a two-count Complaint against Defendant Sun City Festival Community Association Incorporated ("Defendant" or the "Association") alleging discrimination under the Fair Housing Act ("FHA") 42 U.S.C. §§ 3601, et seq., and the Arizona Fair Housing Act ("AZFHA"), A.R.S. § 41-1491.19(B). (Doc. 1). Plaintiff alleges that he is a disabled veteran who suffers from post-traumatic stress disorder ("PTSD"), constant anxiety, and panic attacks. (Doc. 1 at ¶ 8; Doc. 87 at 3). Plaintiff alleges

that woodworking helps reduce the symptoms associated with his disability. (Doc. 1 at ¶ 10; Doc. 87 at 3). Plaintiff further alleges that his garage is the only place where he can engage in woodwork and achieve therapeutic benefits to his PTSD. (Doc. 1 at ¶ 10; Doc. 87 at 3). The Association's Declaration of Covenants, Conditions, and Restrictions ("CC&Rs") prohibits open garage doors and further provides that "[g]arage doors shall remain closed at all times except when entering or exiting the garage." (Doc. 7 at ¶ 6; Doc. 97 at 16; Doc. 50-1 at 375, § 3(c)). Plaintiff, however, claims he needs to keep his garage door open while woodworking inside of his garage to avoid triggering his PTSD. (Doc. 1 at ¶ 10; Doc. 87 at 4).

In October 2022, a neighbor complained to the Association about Plaintiff leaving his garage door open, and the Association sent Plaintiff a notice of violation instructing him to keep the garage door closed. (Doc. 87 at 3–4). In November 2022, Plaintiff sent the Association a request for accommodation under the FHA to keep his garage door open while he is woodworking. (Doc. 1 at ¶ 11). In January 2023, the Association, through its legal counsel, denied Plaintiff's accommodation request. (Doc. 1 at ¶¶ 16–17, Doc. 1-2 at 2–3). Plaintiff filed this lawsuit shortly after. (Doc. 1).

Following the Court's ruling on Plaintiff's Motion for Partial Summary Judgment on August 13, 2024 (Doc. 82), Defendant filed its Motion for Partial Summary Judgment on the reasonableness and necessity elements of Plaintiff's FHA claim and the issue of damages and its accompanying Statement of Facts on September 11, 2024. (Docs. 93, 94). On September 13, 2024, Plaintiff moved to strike Defendant's Motion and Statement of Facts and to seal his mental health records filed at Doc. 94-3. (Doc. 96). Subsequently, Defendant filed a Motion to Seal Plaintiff's Medical Records at Docs. 68-1, 94-3, and 116-1. (Doc. 123).

## II.    DISCUSSION

### a.  Motion for Partial Summary Judgment and Motion to Strike

Plaintiff moves to strike Defendant's Motion for Partial Summary Judgment (Doc. 93) and accompanying Statement of Facts (Doc. 94). (Doc. 96). Plaintiff argues that

Defendant did not satisfy the "meet and confer" requirement of this Court's Rule 16 Case Management Order (Doc. 14 at 5) by failing to send Plaintiff a two-page statement describing its anticipated motion for partial summary judgment or otherwise conferring. (Doc. 93 at 1, 3).

The Court's Rule 16 Case Management Order provides:

> The parties must also confer prior to filing any motion pursuant to Federal Rule of Civil Procedure 56. In doing so, the parties shall exchange a two-page statement describing any anticipated motion for summary judgment and response, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and response. The purpose of conferral should be aimed at streamlining the issues in dispute, and dispensing of statements of fact. A certificate of conferral must be attached to any motion for summary judgment. **Any motion lacking an attached compliant certificate may be summarily stricken by the Court.**

(Doc. 14 at 5 (emphasis added)).

Plaintiff further argues that Defendant's failure to comply with the Court's meet and confer requirement unfairly prejudiced Plaintiff by (1) needlessly attaching documents that should have been sealed and (2) raising issues resolved by this Court in its Order (Doc. 82) ruling on Plaintiff's prior Motion for Summary Judgment. (Doc. 96 at 3). Plaintiff also notes—and Defendant admits—that Defendant failed to respond to Plaintiff's previous attempts to meet and confer in March 2024, prior to Plaintiff filing his own summary judgment motion. (*Id*. at 2; Doc. 114 at 1). Defendant argues that its Motion for Partial Summary Judgment (Doc. 93) should not be stricken because its failure to attach a good faith certificate was inadvertent; Defendant's counsel indicated on a phone conversation with Plaintiff's counsel "[o]n a date that undersigned counsel does not recall" that it intended to file a motion for summary judgment on the issues in the Court's August 13, 2024 Order (Doc. 82); and its Motion for Partial Summary Judgment was narrow and in direct response to the Court's Order. (Doc. 114 at 2–3).

### i. Necessity and Reasonableness

To the extent Defendant's Motion for Partial Summary Judgment seeks summary judgment on the issues of necessity and reasonableness, the Motion essentially acts as a

motion for reconsideration of the Court's August 13, 2024 Order on Plaintiff's Motion for Summary Judgement (Doc. 82). (*See* Doc. 93 at 3, 12–14 ("reincorporat[ing] the argument and evidence presented in its Response to Plaintiff's Motion for Summary Judgment" on reasonableness element and reiterating arguments on necessity in its previous Response to Plaintiff's Motion)).

LRCiv 7.2(g) details the proper form, content, and procedure to bring a motion for reconsideration before the Court. LRCiv 7.2(g). Defendant failed to comply with this Rule in numerous ways, including by repeating "written argument[s] made by the movant in support of or in opposition to the motion that resulted in the Order," filing the motion more than 14 days after the Court's Order, and failing to include the requisite information on the specific modifications sought. *Id.* Because Defendant failed to properly and timely seek reconsideration in accordance with the Local Rules and this Court's prior Orders, Plaintiff's Motion to Strike Defendant's Motion for Partial Summary Judgment (Doc. 96) will be granted with respect to the portions of Defendant's Motion pertaining to necessity and reasonableness.

### ii.  Damages

To the extent Defendant's Motion seeks summary judgment on damages—an issue not addressed in this Court's August 13, 2024 Order (Doc. 82)—the Motion need not comply with LRCiv 7.2(g). Although Defendant's failure to meet and confer violates this Court's Rule 16 Order, that Order provided that the Court *may* strike noncompliant motions. (Doc. 14 at 5). In the interests of justice and efficiency and because the parties have fully briefed the issue (Docs. 93, 124, 126), the Court will exercise its discretion and address Defendant's request for summary judgment on the issue of damages (Doc. 93 at 14–17).

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). The moving party can satisfy its burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id*. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorable to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

Defendant argues that Plaintiff failed to establish that Defendant's accommodation denial was the cause of Plaintiff's alleged harm and thus Plaintiff cannot show actual damages. (Doc. 93 at 15). Additionally, Defendant argues that Plaintiff is not entitled to punitive damages because he cannot show that Defendant acted with reckless indifference in denying the accommodation. (*Id.* at 17). With respect to actual damages, Plaintiff argues that the accommodation denial has clearly caused him to suffer emotional distress, as he has been unable to manage his PTSD symptoms and has experienced anxiety, depression, and panic attacks with greater frequency. (Doc. 124 at 12). Plaintiff further argues that Defendant's refusal to investigate or discuss the accommodation request constituted a "callous disregard" of Plaintiff's wellbeing warranting punitive damages. (*Id.* at 15–16).

Regarding actual damages, "[c]ausation is an intensely factual question that should typically be resolved by a jury." *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1168 (9th Cir. 2013). Indeed, the Ninth Circuit has held that summary judgment is not appropriate on the ground of absence of causation if a plaintiff can present evidence that he suffered an injury that would reasonably be expected to result from a defendant's wrongful conduct. *Id*. Moreover, causation can be shown through evidence that the defendant's conduct was a substantial factor in bringing about the harm, even if other factors may have contributed to the harm. *Id*. Plaintiffs bringing FHA claims may recover actual damages for emotional suffering or distress—such as an unusual level of anxiety, embarrassment, or humiliation—"even if that distress does not physically manifest itself or necessitate psychological counseling." *Id*. at 1172 (collecting cases).

In this case, Plaintiff has provided testimonial evidence that the denial of his

requested accommodation has prevented him from managing his disability and triggered disability-related symptoms, such as anxiety, panic attacks, and depression. (Docs. 124 at 12; 125-3 at 26–27, 29). To be sure, a genuine issue of material fact remains as to whether Defendant's denial of the accommodation was a substantial factor in causing Plaintiff's alleged emotional distress, rather than other potential causes outlined by Defendant. (Doc. 93 at 16–17). However, that is an issue of fact best left for the jury.

Punitive damages for violations of the Fair Housing Act may be appropriate where a defendant's unlawful activity involved reckless or callous indifference to a plaintiff's federally protected rights. *Fair Hous. Ctr. of Wash. v. Breier-Scheetz Props., LLC*, 743 F. App'x 116, 118 (9th Cir. 2018). "The focus is on the defendant's state of mind, and punitive damages may be warranted if the defendant knew it was violating the law or perceived a risk that its conduct would violate the law." *Skochko v. Mercy Hous., Inc.*, No. 20-CV-08659-JSC, 2022 WL 3357836, at *14 (N.D. Cal. Aug. 15, 2022) (citations omitted). Courts in the Ninth Circuit have found it premature to rule on punitive damages at summary judgment where the underlying FHA claim remains viable. *See Patton v. Hanassab*, No. 14CV1489 AJB (WVG), 2016 WL 4507022, at *8 (S.D. Cal. Aug. 29, 2016); *Elliott v. QF Circa 37, LLC*, No. 16-CV-0288-BAS-AGS, 2018 WL 2933467, at *23 (S.D. Cal. June 12, 2018).

Here, Plaintiff has a viable FHA claim and has offered evidence that Defendant failed to engage in the interactive process with respect to his requested accommodations. (*See* Doc. 124 at 15–16); *see generally Montano v. Bonnie Brae Convalescent Hosp., Inc.*, 79 F. Supp. 3d 1120, 1133 (C.D. Cal. 2015) (awarding punitive damages upon finding reckless indifference when defendant failed to grant accommodations or engage in interactive process). Plaintiff also argues that Defendant continues to allow other community members to keep their garage doors open and was motivated to deny Plaintiff's requested accommodation because of complaints from Plaintiff's neighbor. (Doc. 124 at 1–2). Making all reasonable inferences in a light most favorable to Plaintiff, a jury could conclude that Defendant's conduct constitutes reckless or callous indifference, or at the

very least, acted "in the face of a perceived risk that its actions would violate federal law." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. CV-19-00180-TUC-RM, 2022 WL 3155113, at *4 (D. Ariz. Aug. 8, 2022), *aff'd*, No. 22-16345, 2023 WL 6820681 (9th Cir. Oct. 17, 2023). Thus, the Court finds that a genuine issue of fact exists regarding punitive damages, and that summary judgment is inappropriate on the issues of both actual and punitive damages.

All told, due to Defendant's noncompliance with LRCiv 7.2 and this Court's Order, Defendant's Motion for Partial Summary Judgment (Doc. 93) and its associated documents (Docs. 94, 124, 125, 126) will be stricken to the extent they address the issues of necessity and reasonableness. Defendant is warned that any further filings that fail to comply with the Local Rules or this Court's Orders will be stricken without leave to refile and may result in sanctions. Additionally, Defendant's Motion for Partial Summary Judgment on the issue of damages is denied, as genuine issues of material fact exist as to whether actual or punitive damages are warranted.

### b. Motions to Seal (Docs. 96, 123)

Plaintiff's Motion to Seal requests that the Court seal his unredacted medical records located at Doc. 94-3. (Doc. 96 at 1). Notwithstanding Defendant's contrary arguments against sealing Exhibit 3 in its Response to Plaintiff's Motion to Strike (Doc. 114 at 4–5), Defendant's most recent Motion to Seal also requests the Court to seal Doc. 94-3, along with other unredacted filings of Plaintiff's medical records, found at Docs. 68-1 and 116-1. (Doc. 123 at 1–2). Defendant seeks to substitute these documents with a redacted version of the records, filed at Doc. 123-1, and Defendant's Motion indicates that both parties reviewed Doc. 123-1 to ensure all redactions were made. (*Id.* at 2). The proposed redactions include information that the Court ordered the parties to redact at the September 25, 2024 Preliminary Injunction Hearing (*See* Doc. 117 at 43–44), Plaintiff's birth date information as required by Fed. R. Civ. P. 5.2(a), and Plaintiff's medical record number. (*See* Doc. 123-1). The proposed redactions are limited to personally identifiable information that do not bear upon the claims of the case and would not impact "the public's interest in keeping a

watchful eye on the workings of" the Court. *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at \*2 (D. Ariz. Dec. 13, 2011).

Because the documents the parties request to be sealed include information that the Court instructed the parties to redact, the Court will grant Plaintiff's Motion to Seal Exhibit 3 at Doc. 94-3 (Doc. 96 at 1) and Defendant's Motion to Seal Plaintiff's Medical Records at Docs. 68-1, 94-3, and 116-1 (Doc. 123 at 1). The Clerk of Court shall seal Docs. 68-1, 94-3, and 116-1. The Clerk of Court cannot edit filings that have been docketed, and thus, Defendant's request to substitute Doc. 123-1 for Docs. 68-1, 94-3, and 116-1 is denied. (Doc. 123 at 2). Defendant has already properly filed a redacted version on the record, which can be found at Doc. 123-1.

Accordingly,

**IT IS ORDERED** that Plaintiff Wayne Hiatt's Motion to Strike Doc. 93 Motion for Partial Summary Judgment and Doc. 94 Statement of Facts (Doc. 96) is **granted** with respect to the issues of necessity and reasonableness.

**IT IS FURTHER ORDERED** that Defendant Sun City Festival Community Association's Motion for Partial Summary Judgment (Doc. 93) and its associated documents (Docs. 94, 124, 125, 126) are **stricken** with respect to the issues of necessity and reasonableness.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 93) is **denied** with respect to the issue of damages.

**IT IS ORDERED** that Plaintiff's Motion to Seal Doc. 94-3 (Doc. 96) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal Plaintiff's Medical Records at Docs. 68-1, 94-3, and 116-1 (Doc. 123) is **granted in part** with respect to sealing the documents and **denied in part** with respect to substituting documents on the docket.

///

///

///

8

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall **seal Docs. 68-1, 94-3,**
2    **and 116-1.**
3    Dated this 3rd day of December, 2024.

Honorable Steven P. Logan
United States District Judge